UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-28-1BR
No. 4:16-CV-66-BR

LARRY D. HILL, JR.,                    )
                                       )
                    Petitioner,        )
                                       )
          v.                           )          ORDER
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 70.) Although he received two extensions of time, petitioner did not file a response to the government's motion.

In 2013, petitioner pled guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 and one count of making a false tax return in violation of 26 U.S.C. § 7206(1). The court sentenced petitioner to a total term of 100 months imprisonment. Petitioner did not appeal.

Petitioner filed his § 2255 motion on 9 May 2016. (DE # 61.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This

Case 4:13-cr-00028-BR   Document 83   Filed 10/17/16   Page 1 of 2

same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion.  See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner contends that he is entitled to relief based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  "In *Johnson*, the Supreme Court held that the definition of 'violent felony' found in the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557.  That clause defines a 'violent felony' as any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'  18 U.S.C. § 924(e)(2)(B)(ii)." United States v. Hare, 820 F.3d 93, 106 n.10 (4th Cir.), cert. denied, (U.S. 2016).  The court agrees with the government that neither petitioner's conviction nor sentence was based on, or enhanced due to, any felony involving conduct that presents a serious potential risk of physical injury to another, and therefore, Johnson has no application to petitioner's case.

For the foregoing reasons, petitioner has failed to state a claim entitling him to relief.  The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 17 October 2016.


_____
W. Earl Britt
Senior U.S. District Judge