IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CR-28-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARRY D. HILL, JR. | ) | |
| | ) | |

This matter is before the court on the government's motion to authorize payment from inmate trust account, (DE # 92), and a multitude of documents defendant filed *pro se*.

The court addresses first the government's motion. By way of relevant background, in 2014, the court sentenced defendant to a total term of 100 months imprisonment, after defendant pled guilty to (1) conspiracy to defraud the United States by obtaining and aiding to obtain the payment of false claims and (2) making a false tax return. Also, the court ordered defendant to pay immediately a special assessment of $200 and restitution in the amount of $4,973,310 to the Internal Revenue Service ("IRS"). The court's order of restitution provided that if defendant was unable to pay immediately, restitution may be paid through the Inmate Financial Responsibility Program ("IFRP") and that defendant pay any balance owed at the time of his release from prison in installments of $50 per month, beginning 60 days after release. Defendant did not appeal.

According to the government, the Bureau of Prisons ("BOP") is holding on behalf of defendant in his inmate trust account approximately $14,000. The government requests that the court authorize the BOP to turn over all but $200 of these funds to the Clerk of this court for payment towards defendant's outstanding restitution.[1] Defendant opposes the government's

---

[1] According to the court's records, defendant has paid the special assessment, and the remaining balance on the restitution owed is $4,970,420.74.

motion in numerous filings and requests that the court enforce its order that defendant be permitted to make restitution payments through the IFRP and in installments beginning 60 days after his release from prison. (DE ## 94, 96, 97, 103, 107, 108, 113, 114, 130, 131.)

> Pursuant to 18 U.S.C. § 3613, the Government may enforce criminal monetary penalties, such as restitution and criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. . . ." 18 U.S.C. §§ 3613(a), (f). The statute also provides that a sentence imposing restitution constitutes a lien in favor of the Government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the Government's lien would attach to the Defendant's interest in funds held by the BOP in his inmate trust account. See also 18 U.S.C. § 3613(a) (government enforces fines and restitution against all non-exempt property and rights to property of the defendant); 18 U.S.C. § 3664(m) (government may use all available and reasonable means to collect restitution).
> 
> Moreover, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq. ("MVRA"), requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n), provides as follows:
>> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.
> 
> 18 U.S.C. § 3664(n).
> 
> Upon review of the Government's motion, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here. The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, the Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his criminal penalties.

United States v. Smalls, No. 1:96-CR-00075-MR-DLH-1, 2016 WL 6582473, at *1-2 (W.D.N.C. Nov. 4, 2016).

Furthermore, the court ordered restitution paid in full immediately. As such, the fact that defendant may be making payments periodically through the IFRP or that he is required to make monthly installment payments on any balance owed within 60 days of his release is irrelevant.

2

See United States v. Blondeau, No. 5:09-CR-00117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) ("The fact that the Court allowed any remaining balance owed to be paid over time through the [IFRP] and, post-release, through installments of $200.00 per month, does not preclude the government from immediately collecting restitution from non-exempt assets." (citing United States v. James, 312 F. Supp. 2d 802, 804-06 (E.D. Va. 2004))) (memorandum and recommendation), adopted, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011). The court will grant the government's motion.

Defendant's remaining filings relate to what he perceives as prosecutorial misconduct and his actual innocence. (DE ## 112, 121, 132, 135.) He requests the appointment of counsel and a special master to investigate. (DE ## 104, 120, 122, 134.) Defendant's filings are meritless, and to the extent any could be deemed a motion, they will be denied except as noted below.

For the foregoing reasons, the government's motion is GRANTED. It is ORDERED that the BOP turn over to the Clerk of the United States District Court for the Eastern District of North Carolina all funds except $200.00 held in Larry D. Hill, Jr.'s (register #24346-056) inmate trust account as payment for the criminal monetary penalties imposed in this case. Funds should be sent to:

> U.S. District Court
> P.O. Box 25670
> Raleigh, NC 27611

The Clerk shall accept and apply these funds as payment towards the criminal monetary penalties owed by defendant.

All of defendant's pending motions are DENIED, with the exception of the following:

1. His motion to dismiss his Rule 60 motion, (DE # 118), is DENIED AS MOOT because the court has already dismissed that Rule 60 motion;

2. His motion to dismiss another Rule 60 motion, (DE # 126), is GRANTED and the Rule 60 motion itself, (DE # 119), is deemed WITHDRAWN; and

3. His most recently filed Rule 60 motion, (DE # 132), is DISMISSED WITHOUT PREJUDICE as a successive 28 U.S.C. § 2255 motion.

As for this latter motion, the court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 24 May 2017.

_____
W. Earl Britt
Senior U.S. District Judge