IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-cr-00028-BR-1

| United States of America, | |
|---|---|
| v. | Order |
| Larry D. Hill, Jr. | |

Defendant Larry D. Hill, Jr. requests that the court provide him with a copy of the transcript from his sentencing hearing free of charge because he is indigent. After considering Hill's argument and reviewing the record, the court will deny Hill's motion without prejudice because he has not shown a particularized need for the transcript or satisfied the statutory criteria to receive a free copy of his sentencing hearing transcript.

Hill, at times represented by public and privately retained counsel, plead guilty to a conspiracy to defraud the United States and one count of filing a false return. D.E. 71 at 1. The District Court sentenced him to 100 months of incarceration and ordered him to pay the Internal Revenue Service $4,973,3100 in restitution. D.E. 52 at 2–6. About two years after the conviction, the government learned that Hill maintained an inmate trust found account ("ITFA") valued at $14,081.87. D.E. 92 at 2. With Hill's outstanding restitution balance totaling $4,970,870.74, the government moved to authorize payment from Hill's ITFA. D.E. 92. The Court found in favor of the government and issued an order that all but $200 of Hill's IFTA be applied to the remaining balance of his restitution. D.E. 136.

Hill filed appealed the District Court's decision regarding his ITFA account. D.E. 137. He then sent a letter to the Court requesting a copy of his presentence report and a transcript of his sentencing hearing. D.E. 141. The Clerk of Court sent Hill a letter, stating that his docket sheet

will cost $6.50 and sentencing transcript $109.50. D.E. 143. Approximately two weeks later, Hill filed the instant motion to receive transcripts free of charge, stating that he is entitled to receive his transcripts for free because his restitution judgment has "stripped [him] down to pauper status." D.E. 146.

The Fourth Circuit has explained that "[c]opies of transcripts and court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents." *United States* v. *Gallo*, No. 88–7534, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (citing *United States* v. *Glass*, 317 F.2d 200, 202 (4th Cir. 1963)). And if an inmate is seeking a copy of a transcript in connection with an appeal (other than an appeal involving a habeas corpus petition or a motion under 28 U.S.C. § 2255), he must show that he has been "permitted to appeal in forma pauperis" and "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

Hill's motion does not meet these standards. Thus, his motion is denied without prejudice. If Hill chooses to refile his motion, he should include a particularized explanation of his need for the transcript, state whether he has been allowed to pursue his appeal in forma pauperis, and show why the trial judge should find that his appeal is not frivolous and presents a substantial question.

Dated:  August 24, 2017

_Robert T Numbers II_

Robert T. Numbers, II
United States Magistrate Judge