IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No: 4:13-CR-28-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| LARRY D. HILL, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant's motion for compassionate release. (DE # 190.) The government filed a response in opposition, (DE # 194), to which defendant filed a reply, (DE # 198).

In 2006, defendant pled guilty to making false statements relating to the payment of health care benefits. United States v. Hill, No. 4:06-CR-43-FL (E.D.N.C.). The court sentenced him to 27 months imprisonment and three years supervised release and ordered him to pay approximately $79,000 in restitution. Id. In 2013, defendant pled guilty to one count of conspiracy to defraud the United States and one count of making a false tax return, with such offenses occurring while defendant was on supervised release for his 2006 conviction. (DE # 24.) The court sentenced petitioner to a total term of 100 months imprisonment and three years supervised release and ordered him to pay approximately $5,000,000 in restitution. In 2016, while incarcerated on his 2013 conviction, petitioner pled guilty to possession of a prohibited object (a phone), and the court sentenced him to two months imprisonment, consecutive to any sentence petitioner was serving. United States v. Hill, No. 5:15-CR-265-BR (E.D.N.C.). Defendant is now 47 years old, and his projected release date from FCI Butner Low is 11

December 2020, see Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 24346-056) (last visited Jan. 10, 2020).

Defendant requests compassionate release—to reduce his sentence to time served—based on the recent death of his grandmother, who was the caregiver of his minor child.[1] In support of this request, he submits letters from family members and health care providers attesting to the inability of family members to care for defendant's child and to the child's health issues. (See DE # 190-2.) He also includes his declaration that he has exhausted all administrative remedies with the Bureau of Prisons, (DE # 190-1), and a document listing the educational courses he has taken while incarcerated, (DE # 190-2, at 57-58). The government argues defendant's motion should be denied because he has not established an extraordinary and compelling reason to warrant a reduction and because of the severity of his offenses and his criminal history.

Defendant files his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .;

---

[1] When defendant filed his motion, his grandmother was alive, and he contended that she was incapacitated. (See DE # 190, at 1.)

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The parties agree that United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)," and its commentary guide the court's consideration. (See Resp., DE # 194, at 4-7; Reply, DE # 198, at 2-3, 4.) "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). The death of the caregiver of the defendant's minor child and "other reasons" may qualify as extraordinary and compelling reasons. U.S.S.G. § 1B1.13 n.1(C), (D) (2018).

Assuming defendant has shown an extraordinary and compelling reason under § 3582(c)(1)(A)(i), the court declines to reduce his term of imprisonment because he is a danger to the community and considering the applicable factors under § 3553(a). Defendant has committed serious fraud and financial crimes. He continued to commit crimes while incarcerated and on supervised release.[2] At this time, incarceration has not deterred his criminal behavior. Under the circumstances, reducing defendant's term of imprisonment would not promote respect for the law or provide just punishment.

---

[2] It also appears that when defendant committed the conduct underlying his 2006 conviction, he was on probation for violation of state law. (See PSR, DE # 39, ¶¶ 25-26.)

Defendant's motion for compassionate release is DENIED.

This 13 January 2020.

_____
W. Earl Britt
Senior U.S. District Judge