IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-28-BR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LARRY D. HILL, JR.,<br><br>            Defendant. | ORDER |

This matter is before the court on defendant's *pro se* motion for home detention under the "Cares Act," (DE # 205), and supplements thereto, (DE ## 206-208). According to defendant, he has less than eight months remaining of his term of imprisonment and he has medical conditions which make him "a candidate for death by COVID-19." (DE # 205.) Based on these circumstances, he requests release from imprisonment to "home confinement-house arrest or probation." (Id.)

The court does not have the authority to order defendant released to serve the remainder of his term of imprisonment to home confinement. That authority rests with the Bureau of Prisons ("BOP"). See 18 U.S.C. § 3624(c)(2) (authorizing the BOP "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months"). The Coronavirus Aid, Relief and Economic Security Act, known as the CARES Act, "authorizes the BOP—not courts—to expand the use of home confinement" under § 3624(c)(2). United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases); see also United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act "does not authorize the court to order

defendant's placement in home confinement"). Because the court does not have the authority to grant defendant the relief he requests, the motion is DENIED.[1]

This 13 May 2020.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Because defendant has previously filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the court recently denied, (DE # 199), and defendant has appealed that decision, the court does not alternatively construe the instant motion under that statute. Even if the court did so, the court notes it does not appear that prior to filing the motion, defendant made a request of the warden to file such a motion on his behalf or exhausted his administrative appeals, which § 3582(c)(1)(A) requires.

2