IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CR-28-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARRY D. HILL, JR. | ) | |
| | ) | |

This matter is before the court on defendant's motion to suspend or terminate his restitution payments. (DE # 231.)

With defendant's sentence for conspiracy to defraud the United States by obtaining and aiding to obtain the payment of false claims and making a false tax return, the court ordered defendant to immediately pay restitution in the amount of $4,973,310 to the Internal Revenue Service. (DE # 53, at 6-7.) If defendant was unable to pay immediately, the court further ordered that restitution may be paid through the Inmate Financial Responsibility Program and that defendant pay any balance owed at the time of his release from prison in installments of $50 per month. Regarding the monthly amount upon defendant's release from prison, the court made this determination "[b]ased on the expectation that the defendant will be gainfully employed on a full-time basis, earning at least minimum wage." (PSR, DE # 39, ¶ 76.) Defendant did not appeal.

Defendant has been released from prison and is on supervised release. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 24346-056) (last visited Aug. 24, 2021). According to defendant, he has "extreme health conditions" and has had "to spend hundreds of dollars monthly for medical expenses." (DE # 231, at 1.) As such, he contends, he cannot afford the monthly restitution payment and requests that the court terminate the payments and the remaining balance owed. (Id. at 1-3.)

Also, he contends the amount of restitution is excessive under the Eighth Amendment. (Id. at 2.)

> A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions. [18 U.S.C.] § 3664(o); *United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013) (*Grant 4*). As relevant here, a court may "adjust the payment schedule["] . . . if it finds a "material [change] in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014) (per curiam) (footnote omitted). The court does not have the authority to terminate outright a restitution obligation. See United States v. Lallemand, 207 F. App'x 665, 667 (7th Cir. 2006) ("18 U.S.C. § 3664(k), [] authorizes adjustment, but not termination, of a restitution payment schedule . . . ."). Therefore, the court cannot grant defendant the relief he seeks.

Even considering defendant's motion as one for modification of the monthly payment, defendant has not provided the court with information regarding any change in his financial status from when the court ordered restitution. See United States v. Caudle, 710 F. App'x 124, 125–26 (4th Cir. 2018) (per curiam) ("[The defendant] has not met his burden of demonstrating that his current financial condition is materially different than when the court originally imposed the restitution order." (citing 18 U.S.C. § 3664(e); United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000); United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (per curiam))). Furthermore, to the extent defendant challenges the restitution imposed as being excessive, that issue should have been raised on direct appeal, and the court will not consider it.

For the foregoing reasons, defendant's motion is DENIED. The court recommends that defendant discuss his financial situation with his supervising probation officer, and if the officer believes defendant's ability to pay restitution has materially changed since sentencing such that modification of the payment schedule may be warranted, s/he shall inform the court and provide

2

notice to the government.

This 24 August 2021.

_____
W. Earl Britt
Senior U.S. District Judge